# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-148-RJC-DSC

| | |
|---|---|
| DANITA MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEAN P. LOVEN, JUDGE LISA BELL, | ) |
| FELICIA H. MCADOO, Chief Deputy | ) |
| Sheriff, and DANIEL BAILEY, Sheriff, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION
## AND ORDER

**THIS MATTER** is before the Court on the Defendants' respective "Motion[s] to Dismiss" (documents ##15, 17 and 20) and the parties' associated briefs (documents ## 16, 21, and 24-27).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court respectfully recommends that the Defendants' Motions to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights action[1] under 42 U.S.C. § 1983 and 1985 brought by the pro se Plaintiff,

---

[1] On June 1, 2010, the Plaintiff filed a "Motion to Amend" (document #11) the Complaint to add the State of North Carolina as a Defendant, and for a "petition for judicial review pursuant to administrative procedures act." The Plaintiff, however, does not allege that there has been any agency decision in order to invoke the Administrative Procedures Act. The Motion to Amend the Complaint does not add any additional claims for relief, but only alleges additional facts regarding Plaintiff's claim that she was denied access to the Mecklenburg County Courthouse. (Amended Complaint, p. 1 ¶ 3; p. 2 ¶ 5 ). Because the State of North Carolina has joined in Defendant Bell's meritorious Motion to Dismiss (document #15), discussed below, the Court will deny Plaintiff's Motion to Amend as moot.

Danita Mitchell ("Mitchell"), alleging that various state court orders, including a May 27, 2009, Administrative Order ("Administrative Order") restricting her access to the Mecklenburg County Courthouse ("Courthouse"); safekeeping orders issued pursuant to N.C.G.S. § 162-39 transferring her from the Mecklenburg County jail to the Union County jail on October 2nd, 6th, and 13th, 2009; and orders in her criminal case, <u>State of North Carolina v. Danita Mitchell</u>, Mecklenburg County File No. 08 CRS 234644-45, requiring her to undergo competency evaluations and revoking her bond, violated her rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Named as Defendants are Mecklenburg Sheriff's Chief Deputy Felicia McAdoo ("McAdoo"), Mecklenburg County Sheriff Daniel Bailey ("Bailey"), Mecklenburg County Chief District Court Judge Lisa Bell ("Judge Bell"), and Dean Loven ("Loven"), Plaintiff's former criminal defense attorney. Plaintiff has asserted the following claims for relief:

<u>First Claim for Relief</u>: Against Loven for representing Mitchell in an "unorthodox manner," in <u>State v. Danita Mitchell</u>, Mecklenburg County File No. 08 CR 234644-65 and causing her to "be found guilty of a crime [she] did not commit;"

<u>Second Claim for Relief</u>: Against Loven for causing her to be subjected to "unwarranted psychological examination" (referring to the competency evaluations) and allowing Bailey to present an order to have her moved to another county (referring to the safekeeping orders pursuant to N.C.G.S. § 162-39);

<u>Third Claim for Relief</u>: Against McAdoo for holding a hearing before a state court on October 2, 2009 out of Plaintiff's presence (referring to the safekeeping order and bond revocation hearing);

<u>Fourth Claim for Relief</u>: Against Judge Bell for conspiracy with Bailey and McAdoo in the issuance of the Administrative Order restricting Plaintiff's access to the Courthouse;

<u>Fifth Claim for Relief</u>: Against Judge Bell and Loven for conspiracy to prevent Plaintiff from being a material witness (referring to the Administrative Order);

<u>Sixth Claim for Relief</u>: Violation of the Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights.

Accepting the allegations of the Complaint as true and incorporating the contents of state court documents which are matters of public record, on July 23, 2008, Plaintiff was charged with assaulting Mecklenburg County Sheriff's Office ("Sheriff's Office") employee Julie Adair ("Adair"). See <u>State v. Danita Mitchell</u>, Mecklenburg County File No. 08 CR 234644-65.[2] Based upon this incident, Plaintiff was advised by the Sheriff's Office that she must be escorted by a Sheriff's Office employee whenever she was in the Courthouse. Adair was also granted a one-year protective order pursuant to N.C.G.S. § 50-C ("50C Order") by Judge Bell on November 5, 2008. See <u>Julie Adair v. Danita Mitchell</u>, Mecklenburg County File No. 08 CVD 22637. On January 5, 2009 and April 22, 2009, Plaintiff Mitchell filed motions seeking to dismiss this 50C order, but these motions were denied on February 23, 2009, and May 4, 2009. See <u>Julie Adair v. Danita Mitchell</u>, Mecklenburg County File No. 08 CVD 22637.

As a result of Plaintiff's repeated motions to dismiss the 50C order, the Sheriff's Office requested that Judge Bell issue a "No-Issue" order prohibiting Plaintiff from filing any further

---

[2] In order to provide a more complete factual background than that set forth in the Complaint and their Motions and briefs, Defendants refer to matters of public record. See <u>Happel v. Wal-Mart Stores, Inc</u>., 286 F.Supp.2d 943, 945 (N.D. Ill. 2003) ("a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment.") Also, as Plaintiff's Complaint is based on the alleged unconstitutionality of various state court orders, these orders can be considered on a motion to dismiss even if not attached to the Complaint. <u>GFF Corp. v. Associated Wholesale Grocers, Inc</u>., 130 F.3d. 1381, 1384 (10th Cir. 1997).

motions or initiating any civil actions against Adair without prior judicial approval.[3] Based upon her disruptive conduct at the Courthouse, the Sheriff's Office also requested an order preventing Plaintiff from entering the Courthouse unless she provided proof of her court appearance and was escorted by a member of the Sheriff's Office..

On May 27, 2009, Judge Bell granted the Sheriff's Office motion for an order restricting Plaintiff's access to the Courthouse. See Mecklenburg County File No. 09 R 623. This Administrative Order required Plaintiff to contact the Sheriff's Office twenty-four hours in advance of her arrival at the Courthouse and to have a Sheriff's Office escort. She was allowed access to the Courthouse if she was a party to a case being heard, a subpoenaed witness, or had an appointment with a Courthouse agency. In addition, the Administrative Order allowed Plaintiff to be present for one three- hour block per week to conduct her court business.

On June 30, 2009, Plaintiff was convicted in Mecklenburg County District Court for assaulting Adair and first degree trespass. She appealed her conviction to Mecklenburg County Superior Court.[4] Plaintiff claims that Loven represented her in an "unorthodox manner" in this case, causing her to be convicted on these charges. Complaint p. 1, "Cause of Action I." On September 23, 2009, Loven filed a motion questioning Plaintiff's capacity to proceed. State of North Carolina v. Danita Mitchell, Mecklenburg County File No. 08 CRS 234644-65.

On October 2, 2009, Mecklenburg County Superior Court Judge Linwood Foust revoked

---

[3] This motion was granted on May 4, 2009. The Plaintiff does not allege that the "No-Issue" Order violated her rights.

[4] Plaintiff was convicted on these charges in Mecklenburg County Superior Court on June 8, 2010. She represented herself in these proceedings after Superior Court Judge Calvin Murphy found that Mitchell had forfeited her right to court-appointed counsel. See State of North Carolina v. Danita Mitchell, Mecklenburg County File No. 08 CRS 234644-65. This order forms the basis for her allegation that the State of North Carolina denied her the right to court-appointed counsel Amended Complaint p.2 ¶ 6.

Plaintiff's bond in Mecklenburg County File No. 08 CRS 234644-65, based on Mitchell's arrests in Mecklenburg County File Nos. 09 CR 247365 and 09 CR 247504-05, and ordered her to be evaluated by Area Mental Health. Plaintiff alleges that Loven violated her rights by causing her to be subjected to an "unwarranted psychological examination." Complaint, p. 1, "Cause of Action II". After Plaintiff's bond was revoked, the Sheriff's Office requested a safekeeping order pursuant to N.C.G.S. § 162-39 to transfer Mitchell to the Union County Jail. Mecklenburg County Superior Court Judge Yvonne Mims Evans entered the order on October 2, 2009. According to the Plaintiff, McAdoo, the jail administrator, held a hearing on October 2, 2009, without giving Mitchell notice. Complaint p. 2, "Cause of Action III."   It is unclear whether Mitchell is referring to the bond revocation hearing or the safekeeping order.

Judge Evans signed a modified and amended safekeeping order on October 6, 2009, requiring Plaintiff to be brought back from the Union County Jail on October 12, 2009 for a hearing on Loven's motion to have her committed to the Central Regional Hospital- Raleigh Campus for evaluation. On October 12, 2009, Superior Court Judge James Morgan granted Loven's request to have Plaintiff committed to the Central Regional Hospital- Raleigh Campus for evaluation on her capacity to proceed. On October 13, 2009, Judge Morgan also granted the Sheriff's Office request for a temporary safekeeping order sending Plaintiff to the Union County Jail until the completion of her forensic mental evaluation.

It is clear that Plaintiff's lawsuit seeks relief from the various state court orders discussed above. In fact on June 8, 2010, Plaintiff filed what she styled a "Motion to Strike Contempt Orders, Motion to Recuse Char-Meck Judge Richard Boner, and Motion for Mistrial" (document#14), which likewise seeks relief from the state court orders. These Motions should be denied for the same reasons that the undersigned recommends that the Motions to Dismiss be granted.

Defendants have moved to dismiss the Complaint alleging the absence of federal subject-matter jurisdiction. Defendants' Motions to Dismiss are ripe for disposition.

## II.  DISCUSSION

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Subject matter jurisdiction is so limited, in fact, that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1131, 1193 (2010) (internal citations omitted) "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)).

"The burden of persuasion for establishing ... [subject matter] jurisdiction, of course, remains on the party asserting it."  Hertz Corp., 130 S. Ct. at 1194 (internal citations omitted).

The Complaint is based on Plaintiff's contentions that the state court orders violated her constitutional rights. (Complaint pp. 1-2). For instance, "Causes of Action" IV and V claim that the Administrative Order was unconstitutional, and "Causes of Action" II and III claim that the safekeeping order was unconstitutional. "Cause of Action" II alleges that the competency order violated the Plaintiff's rights, and "Cause of Action" III claims that the bond revocation order violated her rights. Plaintiff's remedies do not lie with this Court, but rather with the North

6

Carolina state courts. The Rooker-Feldman doctrine bars Plaintiff from attacking these state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based upon the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-1006, (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). For this reason, the undersigned respectfully recommends that the Complaint be dismissed for lack of subject matter jurisdiction.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Amend" (document #11) is **DENIED AS MOOT**.

2. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendants' respective "Motion[s] to Dismiss" (documents ##15, 17 and 20) be **GRANTED** and that the Complaint be **DISMISSED** for lack of subject-matter jurisdiction; and

2. Plaintiff's "Motion to Strike Contempt Orders, Motion to Recuse Char-Meck Judge Richard Boner, and Motion for Mistrial" (document#14) be **DENIED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: August 31, 2010

David S. Cayer
United States Magistrate Judge