**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10cv148-RJC-DSC**

DANITA MITCHELL                          )
                                         )
          **Plaintiff,**                 )
                                         )
v.                                       )          ORDER
                                         )
DEAN P. LOVEN, JUDGE LISA BELL, FELICIA  )
H. MCADOO, CHIEF DEPUTY SHERIFF, AND     )
DANIEL BAILEY, SHERIFF                   )
                                         )
          **Defendants.**                )

_____

     THIS MATTER is before the Court on the Magistrate Judge's Memorandum and

Recommendations ("M&R") (Doc. No. 28), filed September 1st, 2010, and Plaintiff's Motion

for Extension of Time to File Objections, filed October 4th, 2010 (Doc. No. 29).

## I.     BACKGROUND

     Neither party has objected to the Magistrate Judge's statement of the factual and

procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

     The Federal Magistrate Act provides that "a district court shall make a de novo

determination of those portions of the report or specific proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation.'" Diamond v. Colonial Life &

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory

committee's note).  Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  Id.   Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection.  Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III.   DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party 14 days to file specific written objections to a Magistrate Judge's proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Here, the parties received a copy of the M&R informing them of the 14-day objection deadline, which further stated: "Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge."  (Doc. No. 28 at 8).  Although objections to the M&R were due on September 20, 2010, the Plaintiff failed to file any objections and did not move for an extension of time until after the deadline had passed.  See (Doc. No. 29).  As a result, this Court reviews the M&R for clear error.  After a careful review of the record in this case, this Court finds that the Magistrate Judge's recommendation is consistent with and supported by the law.  Thus, the M&R is hereby adopted as the final decision of this Court for all purposes in this case.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that:

1.     The defendants' respective Motions to Dismiss (Doc. Nos. 15, 17, and 20) are

GRANTED and the Complaint is DISMISSED for lack of subject-matter jurisdiction.

2.      Plaintiff's Motion for Extension of Time to File Objections (Doc. No. 29) is

        **DENIED AS MOOT.**

3.      Plaintiff's Motion to Strike Contempt Orders, Motion to Recuse Char-Meck

        Judge Richard Boner, and Motion for Mistrial (Doc. No. 14) is **DENIED.**

**SO ORDERED.**

Signed: October 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge